UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81186-CV-HURLEY/HOPKINS

**GLENN CARLO HOLCOMB, et al.,**

    **Plaintiffs,**

v.

**FEDERAL HOME LOAN
MORTGAGE CORPORATION,**

    **Defendant.**
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE # 82]. Plaintiffs filed a response [DE # 91] to which Defendant replied [DE # 98]. The Court held oral argument on February 28, 2012. The Court is now ready to rule on the motion.

### JURISDICTION

This case was properly removed to federal court pursuant to 28 U.S.C. § 1441 as a case over which this Court would have original jurisdiction under 28 U.S.C. § 1331. Jurisdiction is also sufficient under 28 U.S.C. 1332(a)(1) based on complete diversity of citizenship and an amount in controversy in excess of $75,000.00. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the state court from which the case was removed is located within the Southern District of Florida.

### BACKGROUND

The facts of this case have previously been set forth in the Court's Order Granting in Part Defendant's Motion to Dismiss [DE # 74]. Briefly, Plaintiffs ("Borrowers") gave a mortgage in their

home to AFS Financial, Inc.[1] in exchange for a loan of $216,000.00 (the "original loan"). Borrowers then refinanced this loan with AFS with a new loan in the amount of $253,000.00 (the "refinance loan"), which included the unpaid balance of the original loan of $215,054.87 and also satisfied a second mortgage on the home in the amount of $20,000.00. Borrowers allege that AFS violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, in connection with the refinance loan. On that basis, Borrowers commenced this action seeking, inter alia, rescission of the loan.

The Court dismissed Borrowers' other claims in a previous order. Order Granting in Part Def.'s Mot. Dismiss [DE # 74]. Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac" or "the Bank") now seeks summary judgment on the rescission claim on two grounds, of which the Court needs only address the first. The Bank argues that, even assuming TILA violations occurred, TILA only entitles Borrowers to *partial* rescission, which Borrowers do not request. Borrowers disagree and insist that full rescission is the appropriate remedy. Because the Court finds that Borrowers are at most entitled to partial rescission, the Court will grant the Bank's motion for summary judgment.

## DISCUSSION

*1.   Standard on Motion for Summary Judgment*

The Court will grant a party's motion for summary judgment under Federal Rule of Civil Procedure 56 if no genuine dispute exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). In evaluating a motion for summary judgment, the Court views all facts and inferences from the record in the light

---

[1] AFS subsequently transferred the mortgage and underlying note such that they are now held by Defendant Federal home Loan Mortgage Corporation. These transfers do not have any bearing on the issues presented by the instant motion.

most favorable to the non-moving party, and the moving party bears the burden of establishing both the absence of any genuine issue of material fact and its own entitlement to judgment as a matter of law. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In response to a properly supported motion for summary judgment, "the burden shifts to the non-moving party to 'come forward with "specific facts showing that there is a *genuine issue for trial*."'" *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Matsuhita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e))). The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient, as "there must be evidence on which the [a] jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (11th Cir. 1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 323; *Gonzalez v. Lee Cnty. Housing Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998).

  2. *Application to the Instant Motion*

  TILA provides that the right to rescission does not apply to "a transaction which constitutes the refinancing . . . of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property." 18 U.S.C. § 1635(e)(2). The Federal Reserve Board, which Congress designated to interpret and apply the Act, *see* § 1604(a), provided the following complementary rule in its Regulation Z:

> The right to rescind does not apply to . . . [a] refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling. The right of rescission shall apply, however, to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing consolidation.

12 C.F.R. § 226.23(f)(2) (the "modification exemption").

This provision applies directly to the instant case. The parties do not dispute that the loan at issue refinanced a $216,000.00 loan secured by Borrowers' principal dwelling and that AFS was the creditor in each transaction. Am. Compl. ¶ 10 ("The transaction involved a refinance of the mortgage."). The parties also do not dispute that at the time Borrowers entered into the loan at issue the unpaid principal balance on the original loan was $215,054.87. *See* Def.'s Statement of Material Facts ¶¶ 2-4 [DE # 81]; Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 2-4 [DE # 90]. Therefore, pursuant to 12 C.F.R. § 226.23(f)(2), TILA's right of rescission does not apply to at least $215,054.87 of the loan at issue. In combination with the fact that Borrowers have repeatedly disavowed any interest in partial rescission, the result of this modification exemption is that, as a matter of law, Borrowers are not entitled to the only remedy they seek.

To escape this conclusion, Borrowers point out in their response to the instant motion that the Bank used an improper disclosure form in connection with the loan at issue—specifically, the Bank provided form H-8 rather than the appropriate form, H-9.[2] Not only is it unclear that this constitutes an additional TILA violation, *see Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) ("We find the H-8 form to be reasonably clear [and that] it provides sufficient notice . . . ."), but it is clear that even if it did, this violation would not alter the applicability of the modification exemption to the instant transaction. Finding a new disclosure violation does not create a new remedy of full rescission when the statute and corresponding regulation expressly preclude that remedy. Section 1635(h) of the Act, which Borrowers relied upon at the hearing on this motion,

---

[2] H-8 and H-9 refer to model forms promulgated by the Federal Reserve Board that are provided in Appendix H of Regulation Z. 12 C.F.R. § 226 app. H.

Order Granting Defendant's Motion for Summary Judgment
Holcomb v. Federal Home Loan Mortgage Corp.
Case No. 10-81186-CV-HURLEY/HOPKINS

does not alter this analysis. Section 1635(h) merely provides that using the correct form insulates a creditor from rescission rights arising solely from the form of notice. 15 U.S.C. § 1635(h) ("An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Bureau . . . ."). It does not follow that failure to use the appropriate form *creates* rescission rights, particularly rights beyond those prescribed by the Act.

## CONCLUSION

In light of the foregoing, the Court holds that Borrowers' claim fails as a matter of law. The exclusive remedy sought is not available under the Act. In light of this holding, the Court will forgo analysis of the Bank's second argument in support of its motion for summary judgment.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion for final summary judgment [DE # 82] is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 58(a) the Court will enter final judgment by separate order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 5th day of March, 2012.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*